UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL NORMAN MATTESON** | **CIVIL ACTION NO. 18-1265-P** |
| **VERSUS** | **JUDGE FOOTE** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Michael Norman Matteson ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this court on September 25, 2018. Plaintiff names the State of Louisiana, Caddo Parish Assistant District Attorney Gregory Scott Brady, Judge John Mosely, Judge Roy Brun, the Town of Vivian, Michelle Andrepont, Stan Lockard, Police Chief Sam Curry, Officer Julie Anderson, Officer Pierce, and Officer Paul Arbogast as defendants.[1]

Plaintiff claims the State of Louisiana violated his civil rights specified in the Bill of Rights, the United States Code and Statutes, and Louisiana laws, codes, statutes and regulations. He claims the State engaged in acts of public corruption. He claims that the

---

[1] Plaintiff originally named Judge Scott Crichton and attorney Daniel Scarborough as defendants. He later dismissed Judge Crichton and Daniel Scarborough from this action [Doc. 9, p. 9].

State, through the legislature, has established laws and regulations which grant a monopoly of power to the State that enables and encourages misconduct by the police, attorneys, and judges. Plaintiff claims the agents of the State involved in the court system conspired to violate his rights, corrupt the legal system, and abuse their authority as officers of the court. He claims the State and its agents used the social stigma of his pending felony charge as a weapon to cause harm to him and his family and for financial gain.

Plaintiff claims he was wrongfully charged and arrested, maliciously prosecuted, and wrongfully convicted and incarcerated. He claims he was wrongfully prosecuted in retaliation for exposing police corruption in the Town of Vivian. Plaintiff claims Officer Anderson unlawfully initiated his wrongful arrest as an act of retaliation because he exposed the fact that she had disabled the recording system in her car in September of 2010.

Plaintiff claims that on October 14, 2010, he called the Town of Vivian police to his residence after he was threatened by Neil, Joyce, Gary, Tony, and Nick Alexander. He claims Officers Paul Arbogast and Julie Anderson responded to his call. He claims it was unethical and outrageous that these two biased police officers were dispatched to investigate the crime Plaintiff reported because he had exposed Officer Anderson's malfeasance during September of 2010.

Plaintiff claims that on October 21, 2010, he was unlawfully arrested and falsely charged with a felony. He claims he was charged with "false personation of a peace officer" because he stated he was an officer of the court. Plaintiff claims he was an officer of the court as provided for by law because he was a state licensed private investigator. He claims he was subcontracted by a Louisiana attorney and engaged in an active investigation

pursuant to the business of the court at the time of his arrest. Plaintiff claims ADA Brady prepared the arrest warrant and presented it to Judge Mosely. He claims Judge Mosely signed and authorized the arrest warrant and set an excessive bond of $50,000.00. Plaintiff claims there was no lawful and just cause for the warrant. He claims the State through its agents knowingly hid, destroyed and/or tampered with exculpatory evidence. Plaintiff claims he received ineffective assistance of counsel from Michelle Andrepont and Stan Lockard. He claims the State unnecessarily delayed his adjudication.

Plaintiff claims that on March 17, 2014, he was unlawfully coerced into a Nolo Contendere plea agreement and to sign a sworn statement that his plea was not coerced. He claims the State and its agents coerced him through false statements, violations of his Fifth Amendment rights, threats of additional charges and fines, and other acts of misconduct. He was ordered to pay court costs, or in default thereof, to serve 90 days in the parish jail. He was placed on unsupervised probation for a period of three months. On July 21, 2014, the state court ordered his fine and costs imposed executed. The state court ordered the conviction set aside and the charges dismissed pursuant to La. C.Cr.P. Art. 894.

Plaintiff claims Judge Brun dismissed his civil action against the Town of Vivian. He claims there was no just cause for Judge Brun to dismiss his case a few weeks before it was set for trial. He claims he was therefore unable to expose the public corruption and unlawful felony charge brought against him by the State and its agents including the Town of Vivian. Plaintiff claims Judge Brun concealed the crimes and misconduct of Defendants. He claims Judge Brun hid exculpatory evidence.

Accordingly, Plaintiff seeks compensatory damages, punitive damages and expungement of the conviction.

## LAW AND ANALYSIS

**Prescription – Arrest and Criminal Trial Proceedings**

In <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985), the Court articulated the guidelines to be used in determining what prescriptive period should apply to Section 1983 claims. The Court determined "§ 1983 claims are best characterized as personal injury actions" and the forum state's statute of limitations applicable to such claims should be used. <u>Id</u>. at 280. In <u>Gates v. Spinks</u>, 771 F.2d 916 (5th Cir. 1985), the Fifth Circuit Court of Appeals phrased the test as: "The state statute governing the general tort remedy for personal injuries should apply to 1983 actions . . ." <u>Gates</u>, 771 F.2d at 919.

The Louisiana Civil Code provides a general prescriptive statute that governs tort actions. The article subjects delictual actions to a liberative prescription of one year. <u>See</u> La. C.C. art. 3492. The Fifth Circuit qualified this prescriptive period, however, when it held that "a section 1983 action accrues and the statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis for the action." <u>Watts v. Graves</u>, 720 F.2d 1416, 1417 (5th Cir. 1983).

Plaintiff claims his civil rights were violated during his arrest and criminal trial proceedings by Defendants from October of 2010 until July 21, 2014. Thus, prescription began to run as to these claims in July of 2014 at the latest. The above entitled and numbered complaint was not signed by Plaintiff until September 25, 2019, and it was not filed by the Clerk of Court until September 25, 2019. Plaintiff's claims regarding his arrest

and criminal proceedings are therefore prescribed. Accordingly, Plaintiff's claims regarding his arrest and criminal proceedings should be dismissed as frivolous.

**Judge Brun**

Plaintiff alleges Judge Brun dismissed his civil action against the Town of Vivian. He claims Judge Brun hid exculpatory evidence and the crimes and misconduct of Defendants.

Plaintiff cannot maintain his claims against Judge Brun. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Brun should be dismissed as frivolous.

**State of Louisiana**

Plaintiff names the State of Louisiana as a defendant in this action. Accordingly, this court must examine Plaintiff's claim for an award of money damages to see if the court's jurisdiction over those claims is barred by the Eleventh Amendment. Penhurst State

School & Hospital v. Halderman, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984).

The Eleventh Amendment provides:

The judicial power of the United States Shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"The Eleventh Amendment bars suits by private citizens against a state in federal court." K.P. v. LeBlanc, 627 F.3d 115, 124 (5th Cir. 2010). Congress has abrogated Eleventh Amendment immunity by the enactment of some federal statues, but 43 U.S.C. §1983 is not one of them. Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). State law claims are also barred by immunity. Richardson v. Southern University, 118 F.3d 450, 453 (5th Cir. 1997).

The Louisiana State Constitution, Article 12, Section 10(a), in pertinent part provides: "the state...shall [not] be immune from suit and liability for injury to person or property." The State's limited waiver of immunity is further qualified by LA. R.S. 13:5106, which prohibits suits against the State in any court other than a Louisiana state court. American Telephone and Telegraph Co. v. Madison Police Jury, 465 F.Supp. 168 (D.C. 1977).

The State's limited waiver of immunity from suit in state court must not be misconstrued as a waiver of constitutional immunity under the Eleventh Amendment from suit against a state in federal court. The State of Louisiana has not waived its rights under the Eleventh Amendment. Usry v. Louisiana Department of Highways, 459 F.Supp. 56,

63-64 (E.D. La. 1978); Kiper v. Louisiana State Bd. of Elementary and Secondary Education, 592 F.Supp. 1343 (M.D. La.), aff'd 778 F.2d 789 (5th Cir. 1985).

This court cannot grant Plaintiff the monetary relief he seeks against the State of Louisiana. Accordingly, his monetary claims against the State of Louisiana should be dismissed without prejudice because this court lacks subject matter jurisdiction.

**Expungement**

Plaintiff has requested that this court order that his conviction be expunged. "[E]xpungement of records is not a type of relief available under [42 U.S.C. § 1983]. The right to expungement of state records is not a federal constitutional right." Rodgers v. Texas, No. 3:03-CV-2015, 2004 WL 764946, at *2 (N.D. Tex. April 7, 2004) (quotation marks omitted), adopted, 2004 WL 884796 (N.D. Tex. Apr. 23, 2004). Furthermore, even if expungement was available, lower federal courts may not order the expungement of state convictions or public records absent some "special circumstance." See Cavett v. Ellis, 578 F.2d 567, 568 (5th Cir. 1978); Rogers v. Slaughter, 469 F.2d 1084, 1085 (5th Cir. 1972). Plaintiff has alleged no special circumstance that would warrant a federal court ordering the expungement of his state record. Accordingly, Plaintiff's request for expungement should be denied. Ross v. Waitz, CV 18-8731, 2019 WL 361398, at *6 (E.D. La. Jan. 8, 2019), report and recommendation adopted, CV 18-8731, 2019 WL 351496 (E.D. La. Jan. 29, 2019).

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989). See also Gartrell v. Gaylor, 981 F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims against Caddo Parish Assistant District Attorney Gregory Scott Brady, Judge John Mosely, Judge Roy Brun, the Town of Vivian, Michelle Andrepont, Stan Lockard, Police Chief Sam Curry, Officer Julie Anderson, Officer Pierce, and Officer Paul Arbogast be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS RECOMMENDED** that

Plaintiff's civil rights claims against the State of Louisiana be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  **IT IS FURTHER RECOMMENDED** that Plaintiff's request for expungement be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 25th day of November, 2019.



Mark L. Hornsby
U.S. Magistrate Judge